IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER MCCULLOUGH,** <br> # 174 909 <br><br> **Plaintiff,** <br><br> v. <br><br> **CHAMBERS COUNTY SHERIFF'S DEPARTMENT,** *et al.,* <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: 3:05-CV-1163-F <br> ) (WO) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' ANSWER

COME NOW the Chambers County Sheriff's Department, Major Clay Stewart, and Sgt John Carmichael, Defendants[1] in the above-styled cause, and answer the Plaintiff's Complaint as follows:

### Answer

The Defendants in this action deny each and every allegation made by the Plaintiff, Christopher McCullough, and demand strict proof thereof. The Defendants deny that they acted, or caused anyone to act, in such a manner so as to deprive the Plaintiff of his constitutional rights.

### Affirmative Defenses

1.   The Plaintiff's Complaint, separately and severally, fails to state a claim upon which relief may be granted.

---

[1] Although not a final order, the Magistrate Judge's Recommendation, dated January 6, 2006, recommended that the claims against the Chambers County Sheriff's Department be dismissed before service of process because the Sheriff's Department is not a legal entity capable of being sued. The Plaintiff has not filed any objection to that Recommendation before January 19, 2006, the deadline for such an objection. Defendants consider the Magistrate Judge's recommendation accurate and agree with its conclusion, that any claim against the Sheriff's Department be dismissed. Therefore, Defendants file an answer on behalf of the Chambers County Sheriff's Department for one reason only -- out of abundance of caution and not as an expression of any disagreement with the Magistrate Judge's Recommendation.

2. The Defendants in this action, in their individual capacities, are entitled to qualified immunity from the Plaintiff's claims.

3. The Defendants in this matter, in their official capacities, are entitled to absolute immunity from the Plaintiff's claims pursuant to the Eleventh Amendment to the United States Constitution.

4. Defendants in their official capacities are not "persons" under 42 U.S.C. § 1983.

5. The Plaintiff's claims are barred by the Prison Litigation Reform Act.

6. Plaintiff fails to allege any affirmative causal link between the alleged acts of Defendants and any alleged constitutional deprivation or Defendants' direct participation in any alleged constitutional violation.

7. Defendants are not liable based upon *respondeat superior* theories of liability.

8. Plaintiff was not injured.

9. The Plaintiff cannot prove a violation of his rights under the Eighth or Fourteenth Amendments to the United States Constitution.

10. Defendants reserve the right to supplement this Answer by adding additional affirmative defenses as the facts of this case are developed and if discovery is ordered by the Court.

Respectfully submitted this 24th day of February, 2006.

**s/Winthrop E. Johnson**
WINTHROP E. JOHNSON, Bar Number: JOH086
Attorney for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124
Telephone: (334) 262-1850
Fax: (334) 262-1889
E-mail: wjohnson@webbeley.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 24th day of February, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

      Christopher McCullough
      AIS 174 909
      W.E. Donaldson Correctional Facility
      100 Warrior Lane
      Bessemer, AL  35203

      **s/Winthrop E. Johnson**
      OF COUNSEL