IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

CHRISTOPHER McCULLOUGH #174909

PLAINTIFF,

V.

CHAMBERS COUNTY SHERIFF OFFICE

DEFENDANTS,

RECEIVED 2006 APR -3  9: 45

* CIVIL ACTION
* NO. 3:05-CV-1163-F
*
*
* DEMAND FOR JURY TRIAL
*
*
*

## ANSWER TO DEFENDANTS SPECIAL REPORT

COMES NOW THE PLAINTIFF CHRISTOPHER McCULLOUGH DO HEREBY SUBMIT HIS ANSWER TO THE DEFENDANTS SPECIAL REPORT.

1. THE FACTS OF THIS CASE ARE THAT I WAS SHOT WITH A TASER GUN AT THE CHAMBERS COUNTY DETENTION FACILITY. THIS ALLEGATION IS NOW A FACT BECAUSE BOTH OF THE DEFENDANTS ACKNOWLEGE THAT I WAS SHOT WITH A TASER GUN.

2. I ACKNOWLEGE THAT I WAS SHOT WITH THE TASER GUN BECAUSE I WAIVED MY RIGHT TO BE PRESENT AT SENTENCING. THIS ALLEGATION IS NOW A FACT BECAUSE THEY BOTH ADMITTED THAT I REFUSED TO GO TO SENTENCING AS WELL AS SEVERAL OF THEIR CO-WORKERS.

3. MAJOR CLAY STEWART RUNS THE CHAMBERS COUNTY JAIL AND BY HIM GIVING SGT. JOHN CARMICHAEL THE GO AHEAD TO SHOOT ME WITH THE TASER GUN A GRIEVANCE TO HIM WOULD HAVE NO MERIT WHAT SO EVER.

SCANNED

PAGE 1

IN LEADING UP TO THE EVENT OF TASING I NEVERED USED ANY FOUL LANGUAGE AT ALL. THE TRUTH OF THE MATTER IS THAT I AM THE ONE WHO DID ALL THE EXPLAINING AND COMPROMISING, I TOLD THEM ALOT OF THINGS THAT THE RULE OF COURT SAYS ABOUT SENTENCING HEARINGS. I TOLD THEM SEVERAL TIMES THAT I DIDN'T HAVE TO GO AND THAT IT WAS MY CHOICE TO GO OR NOT AND I CHOSE NOT TO GO. IN THE RULES OF COURT A DEFENDANT CAN BE SENTENCED ANYTIME AFTER A GUILTY VERDICT ESPECIALLY IF HE IS ALREADY SERVING TIME. THEREFORE IT IS REGULAR PROCEDURE TO SUMMON A DEFENDANT BACK TO COURT BY A JUDGES ORDER, THATS NOT DONE BECAUSE OF A DEFENDANTS DESIRE THAT IS PROPER PROCEDURE. I NEVERED TOOK A DEFENSIVE STAND. AND ONLY SGT. JOHN CARMICHAEL ENTERED THE FRAME OF THE CELL SO COMMON SENSE WOULD ESTABLISH THAT IF I WAS IN A DEFENSIVE STAND WHILE SGT. JOHN CARMICHAEL POINTED A TASER GUN AT ME, I WOULD HAVE RESPONDED BEFORE HE SHOT ME. THESE OFFICIALS STIPULATE THAT THEY WAS TRYING TO OBEY THE JUDGES ORDER AND TO MAKE SURE THAT I EXERCISE MY CONSTITUTIONAL RIGHTS. THIS IS A DIRECT CONTRADICTION TO THIS EVENT. IF I AM EXPLAINING TO THEM THAT I HAVE THE RIGHT TO WAIVE MY PRESCENCE AT HEARING AND THAT I DIDN'T HAVE TO GO ISN'T THAT AN CONSTITUTIONAL ISSUE. MAJOR CLAY STEWART, SGT. JOHN CARMICHAEL AND COI HANCOCK ALL KNEW THAT I WAIVED MY RIGHT TO GO TO SENTENCING. AS WELL AS ALL THE OTHERS. THATS WHY HE SGT. JOHN CARMICHAEL CAME FROM IN THE FRONT OF THE JAIL AT BOOKING TO G-BLOCK CAUSE HE GAINED KNOLEGE OF ME NOT WANTING TO GO TO SENTENCING. THE PROPER WAY TO HANDLE THIS SITUATION WOULD HAVE BEEN FOR ALL OF THEM TO NOTIFY MY ATTORNEY THE JUDGE, AND THE DISTRICT ATTORNEY AND TELL THEM WHAT I HAD SAID AND TO VERIFY IF I COULD DO THAT. THIS WOULD HAVE BEEN ENSURANCE.

PAGE 2

4. Based on the physical location I was inside of the cell well before Sgt. Carmichael even entered the block with the taser gun, so it was impossible for me to fall over the rail or him or anyone else because I never caused them any physical harm, or [physical contact until I got shot with the taser gun].

5. When I was tased I only had on boxer shorts and shirt and no black and white jumpsuit, no object was stuck in my left arm after the tasing and the needle like left its mark on me. I did yell turn it off and I could speak while being tased. No one caught me from falling. I hit the floor shaking and flapping like a fish out of water. I fell face first and had swollen my left eye. I estimated the date of the incident on the date I thought it was.

6. Deprivation of person rights is 100% unconstitutional. If I have the right to choose on which not to attend a sentencing hearing and I establish this to several county officials to give verification to the judge, my attorney, and the district attorney, but instead they shoot me with a taser gun and make me go to the sentencing hearing. That is definitely in violation of my constitutional rights. [They used excessive force for this very reason.] [They uphold the law but they do not know the law.] A polygraph examination is evidentiary and would resolve this situation quicker than anything else.

7. The rules of the Chambers County Detention Facility does not override the rules of court criminal procedure. This is very obnoxious. The rules of the county jail is in total contradiction of state law. A taser gun is used for uncontrollable violent inmates who do administer physical contact to police officials.

PAGE (3)

8. IN RESPONSE TO THE AFFIDAVITS OF THE DEFENDANT & OTHERS

(1.) WHEN LT. KESHIA LEVERETT GOT TO THE BLOCK ALL THE CORRECTIONAL OFFICERS WAS PRESENT. HER AFFIDAVIT STATES SPECIFICALLY THAT I ENLIGHTEN HER ABOUT MY CONSTITUTIONAL RIGHT TO CHOOSE NOT TO GO TO COURT. THEREFORE ALL THE OTHER OFFICERS HAD TO HEAR IT TO BECAUSE THEY ALL WERE RIGHT THERE TOGETHER. SO IF THEY ESTABLISH THAT THEY NEVER HEARD ME SAY THAT THEN THEY ARE GIVING FALSE INFORMATION.

(2.) IN AN EVENT OF A INMATE BEING TASED HOW CAN ALL OF THE OFFICERS DISTINGUISH THE SAME LENGTH OF TIME THAT THE GUN WAS USED. HOW CAN ALL OF THEM SIT THERE AND LIE AND SAY THAT HE ONLY SHOCKED ME FOR 5 SECONDS AND SQUEEZED THE TRIGGER ONE TIME WHEN WE WERE THE ONLY TWO INSIDE THE CELL.

(3.) NO ONE CAUGHT ME WHEN I WAS TASED I HIT THE FLOOR FACE FIRST AND HAD SWOLLEN MY LEFT EYE. THATS WHY THEY DID NOT TRANSFER ME DIRECTLY BACK TO THE PRISON THAT I CAME FROM. FOR A PERSON TO BE TASED AND STILL BEING KEPT THERE ALMOST 2 MORE WEEKS DOESN'T AT ALL SEEM LIKE THEY WERE THREATENED BY ME. I WAS HELPED OFF THE FLOOR BY LT. KESHIA LEVERETT AND DRESSED BY LT. KESHIA LEVERETT BECAUSE I WAS IN NO PHYSICAL SHAPE TO DO IT MYSELF.

(4.) ALSO TO ESTABLISH THE FACT THAT THEY USED EXCESSIVE FORCE, I HAVE REVIEWED THE DEFENDANTS SPECIAL REPORT IN IT'S ENTIRETY AND THEY DID NOT DISCLOSE A COPY OF THE INCIDENT REPORT PROCLAIMING THAT THEY TASED ME, THAT IS HIGHLY IRREGULAR IN A SITUATION LIKE THIS EVERYTHING IS DISCLOSED EXCEPT THE INCIDENT REPORT. THIS COULD AND SHOULD HAVE COMPLETE MERIT TO ESTABLISH THE FACT THAT THEY NEVER DID A INCIDENT REPORT BECAUSE THEY KNEW THAT THEY WAS WRONG.

PAGE (4)

9. IN READING THE DEFENDANTS SPECIAL REPORT IN ITS ENTIRETY, THE DEFENDANTS SPECIAL REPORT DOES NOT CONFORM WITH FEDERAL RULES OF CIVIL PROCEDURE AND THE DIRECTIVE OF THE CONTAINED ORDER OF PROCEDURE DATED JANUARY 6, 2006.
THIS SPECIAL REPORT DOES NOT HAVE A CERTIFICATE OF SERVICE STATING THAT THEY HAVE SERVED ME A COPY OF IT THIS IS WHY I NEEDED THE EXTENSION OF TIME.

## IN CONCLUSION

PLAINTIFF'S CIVIL SUIT HAS COMPLETE MERIT AND SHOULD BE TRIED BEFORE CIVIL COURT FOR ASSURANCE OF HIS LEGAL RIGHTS. PEOPLE HAVE BEEN SERIOUSLY INJURED BY TASER GUNS WHICH CAN CAUSE A MENTAL DEFECT AND HAS EVEN CAUSED DEATH. THIS STARTED OUT AS AN ALLEGATION BUT BY THE PLAINTIFF'S COMPLAINT AND THE DEFENDANTS SPECIAL REPORT THIS ALLEGATION IS A FACT OF TRUTH AND CANNOT BE DISPUTED. THE ONLY STIPULATION IN THIS CASE IS THAT THE OFFICERS ACTED INAPPROPRIATELY WITH EXCESSIVE FORCE OR WAS MORE CONCERNED ABOUT FOLLOWING A JUDGES ORDER. IF A INMATE REFUSES TO GO TO COURT THE OFFICERS SUPPOSE TO CONTACT HIS ATTORNEY AT THE COURTHOUSE AND NOTIFY HIM OF THIS REQUEST NO MATTER HOW MUCH THAT I EXPLAINED TO THEM THAT I DID NOT HAVE TO GO, THEY WAS JUST NOT HEARING IT AT ALL. UNDER THOSE CIRCUMSTANCES ALONE SHOWS IGNORANCE AND DEFIANCE.

MAJOR CLAY STEWART STATES THAT HE WAS TRYING TO OBEY A JUDGES ORDER INSTEAD OF LISTENING TO WHAT I WAS SAYING, THEY REACTED LIKE I DIDN'T KNOW ANYTHING ABOUT THE LAW BECAUSE THEY NEVER HEARD OF WHAT I WAS SAYING OR PROBABLY NEVER EVER PICKED UP A LAW BOOK AND READ IT BEFORE. THAT IS NOT MY FAULT BECAUSE THEY ARE UNAWARE OF COURT PROCEEDINGS AND DEFENDANTS RIGHTS. THEREFORE I DEMAND A JURY TRIAL, EVERYONE TO TAKE POLYGRAPHS PRESS ASSAULT CHARGES AGAINST BOTH DEFENDANTS, AND MONETARY DAMAGES. RESPECTFULLY SUBMITTED THIS THE 28TH DAY OF MARCH 2006.

Page (5)

Signature Christopher C. McCollough

CERTIFICATE OF SERVICE

I HEREBY DO CERTIFY THAT ON THIS THE 28TH DAY OF MARCH 2006 THAT I HAVE SENT AN EXACT, SAME COPY OF THE FOREGOING POSTAGE PREPAID TO WINTHROP E. JOHNSON ATTORNEY FOR SAID DEFENDANT AT WEBB & ELEY P.C. 7475 HALCYON POINTE DRIVE P.O. BOX 240909 MONTGOMERY, ALABAMA 36124 BY PLACING THE SAME IN THE UNITED STATES POSTAGE SERVICE U.S. MAIL.

Signature, Christopher C. McCullough
Christopher C. McCullough
PRO SE

PAGE (6)