IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| CHRISTOPHER MCCULLOUGH #174 909 | * | |
| Plaintiff, | * | |
| v. | * | 3:05-CV-1163-WKW (WO) |
| SGT. JOHN CARMICHAEL, *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Christopher McCullough, an inmate incarcerated at the William E. Donaldson Correctional Facility in Bessemer, Alabama, alleges that he was subjected to excessive force during his incarceration at the Chambers County Detention Center located in LaFayette, Alabama. Named as defendants are Sergeant John Carmichael and Major Clay Stewart. Plaintiff seeks damages and requests that Defendants Carmichael and Stewart, along with other county jail employees, take a polygraph test regarding the subject matter of the complaint. Plaintiff also requests that criminal charges be brought against Defendants Carmichael and Stewart for assault and unnecessary use of force.

Pursuant to the orders of this court, Defendants filed a written report and supporting evidentiary materials addressing the claims for relief raised in the complaint. In this report, Defendants assert this case is due to be dismissed because Plaintiff failed to exhaust an administrative remedy available to him at the county jail as required by the Prison Litigation

Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain, and the undisputed pleadings, documents, and records before the court reflect, that with respect to the claims presented in the instant complaint Plaintiff failed to exhaust the administrative remedies available to him at the Chambers County Detention Center via the jail's inmate grievance procedure as he failed to file "any type of grievance about the allegations made the basis of his Complaint." (*Doc. No. 11 at 11*.)

In accordance with the orders of the court, Plaintiff was informed that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. This case is now pending before the court on Defendants' motion for summary judgment and Plaintiff's opposition thereto. (*Doc. Nos. 11, 17*.) Upon consideration of motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the court concludes that Defendants' motion for summary judgment is due to be granted and this case dismissed without prejudice as Plaintiff failed to exhaust an available administrative remedy.

## I.  STANDARD OF REVIEW

To survive Defendants' properly supported motion for summary judgment, Plaintiff must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (nonmoving party is required to produce "sufficient [favorable] evidence" indicating he is entitled to relief sought). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative

... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations similarly do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff bears the burden of proof, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where the evidence before the court which is admissible on its face or which can be reduced to

admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Plaintiff has failed to demonstrate that there are any genuine issues of material fact with respect to his exhaustion of an available administrative remedy in order to preclude summary judgment in favor of Defendants.

## II. DISCUSSION

Plaintiff, a state inmate during the relevant time period in question, was transported to the Chambers County Detention Facility on November 4, 2005 to stand trial on charges of first degree burglary and first degree theft. At the trial held November 9, 2005, a jury found Plaintiff guilty of the charges. The trial court set a sentencing hearing for November 10, 2005 at 9:00 a.m. On that day, Plaintiff maintains that he was subjected to excessive force when Defendant Carmichael tased him for refusing to comply with orders that he get dressed

and ready for his court appearance.[1] Plaintiff remained at the Chambers County Detention Center until November 22, 2005, when he was returned to state custody (*Doc. No. 1; Doc. No. 11 at Exhs. A-G.*)

In their dispositive motion, Defendants assert that this case is due to be dismissed because Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain that, with respect to the claims presented in the instant action, Plaintiff failed to exhaust the administrative remedies available to him at the Chambers County Detention Center via the jail's inmate grievance procedure. (*See Doc. No. 11 at pgs. 11-12 and Exh. J.*)

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a 42 U.S.C. § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*,

---

[1] Although in his complaint Plaintiff references November 11, 2005 as the day the incident about which he complains occurred, the unrefuted records before the court reflect that the date of the incident actually occurred on November 10, 2005. (*Doc. No. 11 at Exh. A-G, K.*)

5

534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires *proper exhaustion*." *Id*. at 2387 (emphasis added).

The Supreme Court in *Ngo* determined "[proper exhaustion] means . . . that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." 126 S.Ct. at 2384. The Court further explained "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [prior to seeking relief from a federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386. This interpretation of the PLRA's exhaustion requirement "carries a sanction" for noncompliance and avoids "mak[ing] the PLRA exhaustion scheme wholly ineffective." *Id*. at 2388. Consequently, a prisoner cannot "proceed . . . to federal court" after bypassing available administrative remedies, either by failing to properly exhaust administrative remedies or waiting until such remedies are no longer available, as allowing federal review under these circumstances would impose "no significant sanction" on the prisoner and "the

PLRA did not create such a toothless scheme." *Id*. Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance procedure. *See Booth,* 532 U.S. at 741 n. 6 ( "[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." ); *Cox v. Mayer,* 332 F.3d 422, 424-28 (6th Cir. 2003) (holding that the exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative remedies and who had since been released from custody); *see also Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999).

The undisputed record in this case establishes that the Chambers County Detention Center provides a grievance procedure for inmate complaints. The evidentiary materials submitted by Defendants demonstrate that Plaintiff failed to file a grievance with respect to the actions about which he complains in the instant complaint. Plaintiff does not dispute his failure to exhaust an available administrative remedy. Rather, he essentially contends that the filing of a grievance would have been futile. (*Doc. No. 17 at 1*.) As noted, however, the PLRA's exhaustion requirement contains no futility exception where a grievance procedure is available. *Booth*, 532 U.S. 741 n.6; *Cox*, 332 F.3d at 425. The court, therefore, concludes that the claims for relief presented in this cause of action are subject to dismissal as Plaintiff failed to exhaust an available administrative remedy.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (*Doc. No. 11*) be GRANTED to the

extent Defendants seek dismissal of this case for Plaintiff's failure to exhaust available administrative remedies;

     2. This case be DISMISSED without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him during his confinement in the Chambers County Detention Center. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378 (2006); and

     3. No costs be taxed herein.

It is further

ORDERED that on or before **June 9, 2008** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

DONE, this 23rd day of May, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE