# EXHIBIT C

# Lieutenant Lakesha McCoy's Affidavit

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER MCCULLOUGH, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:05-CV-1163-F |
| CHAMBERS COUNTY SHERIFF'S DEPARTMENT, et al., | ) (WO) |
| Defendants. | ) |

## AFFIDAVIT OF LAKESHA MCCOY

STATE OF ALABAMA      )
                      )
COUNTY OF CHAMBERS    )

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Lakesha McCoy, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Lakesha McCoy, formerly LaKesha Leverett. I am over the age of nineteen and competent to make this affidavit. I have been employed by the Chambers County Sheriff's Department since 1995. As a Lieutenant, I am a Grievance Coordinator for the Chambers County Detention Facility. At the time of Plaintiff's incarceration in the Chambers County Detention Facility in November of 2005, I was the only Lieutenant for the Facility. Normally, I or Administrator Stewart would receive Grievances filed by inmates.

2. I am familiar with the Plaintiff Christopher McCullough due to his incarceration in the Chambers County Jail.

3. I state affirmatively that I neither acted, nor caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.

4. After his criminal trial and sentencing in Chambers County, the Plaintiff, Christopher McCullough, was transferred back to William E. Donaldson State Correctional Facility on November 22, 2005. I accompanied the Plaintiff back to Donaldson Correctional Facility. During the ride, Plaintiff joked and laughed about the tasing that he received at the Chambers County Detention Facility on November 10, 2005. He did not make an oral or written Grievance about the tasing to me at that time.

5. I am familiar with the Chambers County Detention Facility Policy and Procedures Directives. The Chambers County Detention Facility Policy and Procedures Directives, 18 June 1991, state our policy regarding Grievances in Directive # F-102. It states that inmates may file a Grievance with any officer. The first level of response is the shift supervisor, the second is the Grievance Coordinator, which was myself in November of 2005, and the third is the Facility Administrator. Appeal to the Sheriff may be made if the inmate is unhappy with the response. It is not the policy of the Chambers County Detention Facility or its Administrator or the Sheriff to hinder, forbid, or intimidate inmates regarding filing or requesting Grievances, nor does the Facility or its Administrator allow reprisals against inmates that file Grievances. Nor does the Facility or its Administrator eliminate or do away with Grievances before answering them. It is better for the Facility's administration and peace and the security of the staff that inmate Grievances be heard and answered. That is the practice of the Chambers County Detention Facility.

6. Neither I nor any other officer on staff nor Administrator Stewart has received any written or oral Grievance by Plaintiff regarding Plaintiff's tasing of November 10, 2005 at the Chambers County Detention Facility. I also know of no Grievance or any other written complaint sent to the Chambers County Detention Facility since November 10, 2005 regarding that tasing. I also know of no request by the Plaintiff for a Grievance Form or that he be able to file a Grievance. Inmates need not request permission to file a Grievance; their right to file a Grievance exists in the Chambers County Detention Facility Policy and Procedure Directives. An inmate need only file a Grievance, either on a Grievance Form or other paper, and it will be received.

7. I swear, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.

*Lakesha McCoy*
LAKESHA MCCOY

SWORN TO and SUBSCRIBED before me this 28th day of July 2008.

*Crystal L Richardson*
NOTARY PUBLIC                MY COMMISSION EXPIRES AUG. 18, 2009
My Commission Expires: _____