# EXHIBIT M

# Correction Officer Ricky Mann's Affidavit

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MCCULLOUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:05-CV-1163-F |
| | ) | (WO) |
| CHAMBERS COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF RICHARD MANN

STATE OF ALABAMA )
)
COUNTY OF CHAMBERS )

BEFORE ME, the undersigned authority and Notary Public in and for said County and State at large, personally appeared Richard Mann, who being known to me and being by me first duly sworn on oath deposes and says as follows:

1. My name is Richard Mann. I am over the age of nineteen and competent to make this affidavit. I have been employed by the Chambers County Sheriff's Department since 2005. As a Maintenance Supervisor I would not normally receive Inmate Complaints and Grievances as part of my duties and if I did receive one I would forward them to the shift Sergeant or Detention Facility Administrator. I am familiar with the Plaintiff Christopher McCullough due to his incarceration in the Chambers County Jail.

2. I state affirmatively that I do not recall receiving any type of complaint or grievance from Christopher McCullough concerning his treatment while incarcerated at the Chambers County Detention Facility.

3. I am familiar with the Chambers County Detention Facility Policy and Procedures Directives. The Chambers County Detention Facility Policy and Procedures Directives, 18 June 1991, state our policy regarding Grievances in Directive # F-102. It states that inmates may file a Grievance with any officer. The first level of response is the shift supervisor, the second is the Grievance Coordinator, and the third is the Facility Administrator. Appeal to the Sheriff may be made if the inmate is unhappy with the response. It is not the policy of the Chambers County Detention Facility or its Administrator or the Sheriff to hinder, forbid, or intimidate inmates regarding filing or requesting Grievances, nor does the Facility or its Administrator allow reprisals against inmates that file Grievances. Nor does the Facility or its Administrator eliminate or do away with Grievances before answering them. It is better for the Facility's administration and peace and the security of the staff that inmate Grievances be heard and answered. That is the practice of the Chambers County Detention Facility.

4. I do not recall receiving any written or oral Grievance by Plaintiff regarding Plaintiff's tasing of November 10, 2005 at the Chambers County Detention Facility. I also know of no Grievance or any other written complaint sent to the Chambers County Detention Facility since November 10, 2005 regarding that tasing. I also know of no request by the Plaintiff for a Grievance Form or that he be able to file a Grievance. Inmates need not request permission to file a Grievance; their right to file a Grievance exists in the Chambers County Detention Facility Policy and Procedure Directives. An inmate need only file a Grievance, either on a Grievance Form or other paper, and it will be received.

5.  I swear, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this affidavit, and that the above statements are made by drawing from my personal knowledge of the situation.

*[signature]*
RICHARD MANN

SWORN TO and SUBSCRIBED before me this 26th day of July 2008.

*[signature]*
NOTARY PUBLIC
My Commission Expires: MY COMMISSION EXPIRES AUG. 18, 2009

