IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| CHRISTOPHER MCCULLOUGH #174 909 | * | |
| Plaintiff, | * | |
| v. | * | 3:05-CV-1163-WKW (WO) |
| SGT. JOHN CARMICHAEL, *et al*., | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Christopher McCullough, an inmate incarcerated at the William E. Donaldson Correctional Facility in Bessemer, Alabama, filed this 42 U.S.C. § 1983 action on December 8, 2005. He alleges that in November 2005 Defendants subjected him to excessive force during his temporary incarceration at the Chambers County Detention Center located in LaFayette, Alabama. Named as defendants are Sergeant John Carmichael and Major Clay Stewart, employees of the Chambers County Sheriff's Department. Plaintiff seeks damages and requests that Defendants Carmichael and Stewart, along with other county jail employees, take a polygraph test regarding the subject matter of the complaint. Plaintiff also requests that criminal charges be brought against Defendants Carmichael and Stewart for assault and unnecessary use of force.

Pursuant to the orders of this court, Defendants filed a written report and supporting evidentiary materials addressing the claims for relief raised in the complaint. In this report,

Defendants assert that this case is due to be dismissed because Plaintiff failed to exhaust an administrative remedy available to him at the county jail as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain that, with respect to the claims presented in the instant complaint, Plaintiff failed to exhaust the administrative remedies available to him at the Chambers County Detention Center via the jail's inmate grievance procedure as he failed to file "any type of grievance about the allegations made the basis of his Complaint." (*Doc. No. 11 at 11; see also Doc. No. 32, Exhs. A-M.*)

In accordance with the orders of the court (*see Doc. No. 19*), Plaintiff was informed that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. This case is now pending before the court on Defendants' motion for summary judgment and Plaintiff's opposition thereto. (*Doc. Nos. 11, 17.*) Upon consideration of the motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the court concludes that Defendants' motion for summary judgment is due to be granted and this case dismissed with prejudice as Plaintiff failed to exhaust an available administrative remedy.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir.

2007) (*per curiam*) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

Defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to Plaintiff's failure to exhaust administrative remedies.  Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists.  *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out

---

[1] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive Defendants' properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of administrative remedies. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth

specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, ___, 126 S.Ct. 2572, 2576, 165 L.Ed.2d 697 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

## II. DISCUSSION

Plaintiff, a state inmate during the relevant time period in question, was transported to the Chambers County Detention Facility on November 4, 2005 to stand trial on charges of first degree burglary and first degree theft. At the trial held November 9, 2005, a jury

found Plaintiff guilty of the charges. The trial court set a sentencing hearing for November 10, 2005 at 9:00 a.m. On that day, Plaintiff maintains that he was subjected to excessive force when Defendant Carmichael tased him for refusing to comply with orders that he get dressed and ready for his court appearance.[2] Plaintiff remained at the Chambers County Detention Center until November 22, 2005 when he was returned to state custody (*Doc. No. 1; Doc. No. 11 at Exhs. A-G*.)

In their dispositive motion, Defendants assert that this case is due to be dismissed because Plaintiff failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain that with respect to the claims presented in the instant action, Plaintiff failed to exhaust the administrative remedies available to him at the Chambers County Detention Center via the jail's inmate grievance procedure. (*See Doc. No. 11 at pgs. 11-12 and Exh. J; Doc. No. 32, Exhs. A-M.*)

The PLRA requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a 42 U.S.C. § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) directs that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective

---

[2] Although in his complaint Plaintiff references November 11, 2005 as the day the incident about which he complains occurred, the unrefuted records before the court reflect that the date of the incident was November 10, 2005. (*Doc. No. 11 at Exh. A-G, K.*)

7

of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Id*. at 2387 (emphasis added).

The Supreme Court in *Woodford* determined "[proper exhaustion] means . . . that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." 126 S.Ct. at 2384. The Court further explained "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [prior to seeking relief from a federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386. This interpretation of the PLRA's exhaustion requirement "carries a sanction" for noncompliance and avoids "mak[ing] the PLRA exhaustion scheme wholly ineffective." *Id*.

at 2388. Consequently, a prisoner cannot "proceed . . . to federal court" after bypassing available administrative remedies, either by failing to properly exhaust administrative remedies or waiting until such remedies are no longer available, as allowing federal review under these circumstances would impose "no significant sanction" on the prisoner and "the PLRA did not create such a toothless scheme." *Id*. Further, the PLRA's exhaustion requirement contains no futility exception where there is an available inmate grievance procedure. *See Booth,* 532 U.S. at 741 n. 6 ( "[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." ); *Cox v. Mayer,* 332 F.3d 422, 424-28 (6th Cir. 2003) (holding that the exhaustion requirement applies to a former prisoner who filed his complaint without exhausting his administrative remedies and who had since been released from custody); *see also Massey v. Helman,* 196 F.3d 727, 733 (7th Cir. 1999).

    A review of the proceedings in this matter reflect the following. On May 23, 2008, based on the pleadings and documents before it, the court recommended that Defendants' dispositive motion be granted as a result of Plaintiff's failure to exhaust administrative remedies. (*See Doc. No. 25*.) The court found unavailing Plaintiff's assertion in his opposition that the filing of a grievance would have been futile, (*see Doc. No. 17 at 1*), as the PLRA's exhaustion requirement contains no futility exception where a grievance procedure is available. *Booth*, 532 U.S. 741 n.6; *Cox*, 332 F.3d at 425. The May 23 Recommendation was subsequently withdrawn based on Plaintiff's contention, raised for the first time in his objections to the Recommendation, that he was denied access to the

grievance process. Specifically, Plaintiff asserted in his objections that he asked Defendant Stewart "several times to file grievances and to file a complaint with the Sheriff's Office . . . for their actions of abuse [but] Major Clay Stewart refused to do so and stated file your complaint when you get back to Donaldson." (*Doc. No. 26 at 1*.) The court then entered a Recommendation on the merits of Plaintiff's complaint. (*See Doc. No. 28*.) That Recommendation was withdrawn after Defendants filed objections as well as additional documents and records in support of their contention that Plaintiff failed to demonstrate that administrative remedies were unavailable to him and thereby failed to exhaust available administrative remedies. (*Doc. Nos. 28, 32*.) The court granted Plaintiff an opportunity to file a response to Defendants' additional evidentiary submissions on the exhaustion issue in accordance with the court's May 4, 2006 order. (*See Doc. No. 19*.) Plaintiff has filed nothing in response.

As they did in their dispositive motion, Defendants, through their objections and additional evidentiary submissions submitted therewith, continue to maintain that Plaintiff failed to file a grievance in regard to the November 10, 2005 incident and thereby failed to exhaust administrative remedies prior to filing this federal complaint. In further support of their argument that Plaintiff failed to exhaust administrative remedies available to him, Defendants have submitted copies of Plaintiff's entire inmate file covering every period of time he has found himself incarcerated at the Chambers County Detention Facility. This evidence show that at various times during his incarcerations at the county jail, but not during his incarceration there in November 2005, Plaintiff submitted inmate request forms seeking

law library access, notary services, and medical treatment. Defendants have also submitted numerous grievances filed by other inmates as evidence that grievances are routinely submitted by inmates and responded to by jail personnel. Defendant Stewart affirms that the jail received grievances from other inmates during the period of time in November 2005 when the incident about which Plaintiff complains occurred. Further, Stewart avers that the Chambers County Detention Facility's grievance policy contains no requirement that inmates use a particular form in order to file a grievance and that Plaintiff could have written a grievance on any form of paper, including a napkin or scrap paper, and that it would have been received by jail officials and responded to accordingly. On those occasion where an inmate has orally grieved a matter, Stewart states that he or a member of his staff personally deliver a grievance form to the inmate so that he/she may file a written grievance regarding any issue raised by the inmate. (*Doc. No. 32, Exhs. A-D, D1.1-1.9, D2, E.*)

Defendant Stewart also undertook an examination of the jail's mail logs during Plaintiff's incarceration at the facility in November 2005. He found only two entries of outgoing mail for Plaintiff, both of which were dated November 4, 2005, prior to the incident about which he complains. Assuming, *arguendo*, that Defendant Stewart intercepted mail from Plaintiff, he asserts that such action would have been recorded in the mail log. He states, however, that he would not remove inmate mail to prevent a complaint about jail conditions from reaching the Sheriff. Stewart indicates that had Plaintiff undertaken to send a grievance or letter to the Sheriff about the November 2005 incident after he was transported back to his permanent institution, that letter or grievance would have been received,

responded to, and placed in his jail file. (*Doc. No. 32, Exh. D, D4.*)

In addition, in July 2008 Defendant Stewart initiated an investigation in which he requested Investigator Jason Fuller to conduct interviews with current and former employees of the jail with regard to whether they recalled receiving any complaint or grievance, verbal or in writing, from Plaintiff concerning his treatment at the jail in November 2005. None of the individuals interviewed recalled receiving any type of complaint or grievance, verbal or written, from Plaintiff during the time in question nor did they recall any employee of the jail denying Plaintiff access to the inmate grievance procedure.[3] (*Doc. No. 32, Exhs. D3, G, J, K, L, M.*)

Accordingly, from the undisputed evidence before it, the court finds that Plaintiff is familiar with the Chamber's County Detention Center's administrative grievance procedure and that he sought administrative relief on various issues during prior incarcerations at the facility. Plaintiff has not shown that jail officials at the detention facility prevented or inhibited him from exhausting administrative remedies prior to filing this federal action. Plaintiff relies exclusively upon his own unsworn self-serving allegations that his requests to file a grievance or complaint about the November 10, 2005 incident were ignored or that, in order to file a grievance, he had to file it "with the man who gave the order to shoot me." (*Doc. No. 26 at 1, 3.*)

This court may properly resolve this factual issue relating to exhaustion, *see Bryant*

---

[3] Of the eight individuals interviewed, one person was on medical leave in November 2005, and therefore, was not working at that jail during that time. (*Doc. No. 32, Exh. D3.*)

12

*v. Rich,* 530 F.3d 1368, 1374 (11th Cir. 2008), and it finds that the facts do not support Plaintiff's interference/futility arguments. As noted, exhaustion of available remedies applies to all prisoners in any facility, and it is mandatory and may not be waived by the Court. *See Alexander,* 159 F.3d at 1324-26 (exhaustion requirement of 42 U.S.C. § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or *Bivens* ); *see also Porter,* 534 U.S. 516. Furthermore, this court may not consider the adequacy or futility of administrative remedies, but only the availability of such remedies. *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing Alexander,* 159 F.3d at 1323. Based on the proof provided and Plaintiff's own admission, the court concludes that Plaintiff did not exhaust the administrative remedies available to him at the Chambers County Detention Facility on his claim of excessive force and injury. Plaintiff's conclusory unsworn allegation that administrative remedies were unavailable without any supporting evidence is insufficient. *Harris v. Ostrout*, 63 F.3d at 916; *see Bryant*, 530 F.3d 1368, 1377 ("The district court found that [plaintiff's] allegation that he was denied access to grievance forms at [the prison] was not credible, especially given unrebutted evidence that [plaintiff] successfully filed a grievance at [the prison, although it was one for property loss."). Based on the foregoing, the court concludes that the claims for relief presented in this cause of action are subject to dismissal with prejudice as Plaintiff failed to exhaust an available administrative remedy, which is a precondition to proceeding in this court on his claims. *Woodford*, 548 U.S. at 87-94; *see Bryant*, 530 F.3d at 1375 n.11; *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (Inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously

available administrative remedies had become unavailable and no special circumstances justified the failure to exhaust.).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment (*Doc. No. 11*) be GRANTED to the extent Defendants seek dismissal of this case for Plaintiff's failure to exhaust available administrative remedies;

2.  This case be DISMISSED with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him during his confinement in the Chambers County Detention Center.

It is further

ORDERED that on or before **November 25, 2008** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of November, 2008.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE